Garland, J.
The petitioner represents, that he is imprisoned and deprived of his liberty by the Sheriff of the Criminal Court, who keeps him in the parish prison, at the suit of James Reed and Turner & Renshaw, under a pretended judicial order of the District Court, a copy of which is annexed. He avers, that this order is informal, and illegally obtained and executed, and is no sufficient legal warrant or commitment for the imprisonment of his person. That said process is not in the name of the State, and does not mention any adequate cause of detention for an indefinite term, and is not directed to any competent functionary ; that it does not designate the period and place of imprisonment, and is deficient in all the legal requisites of a legal anti valid warrant. He further states, that the sum of three dollars and fifty cents per week, the sum allowed by law for the use of a debtor in confinement, has not been paid by any one since his confinement in the month of July last. He, therefore, asks for a writ of habeas corpus, and that the Sheriff show under what process, and for what cause, he is detained, and that he be discharged.
*241 The Sheriff) in obedience to the writ, produced the body of Powell, and returned, that he held him in custody under three different writs or commitments, which were produced; and he further states, that since the 26th of July, 1843, no one has paid him any money for the board of the applicant, who is, and has been supported by the State.
The first writ, or commitment returned .under which the petitioner is held, is an order of the District Court, made in July, 1843, which states, that Powell had neglected and refused, after due notice of an order or judgment of said court, rendered at the instance of Reed, and Turner & Renshaw, to comply with it, by filing a schedule or statement of his affairs, wherefore the court orders that, in pursuance of the 6th section of the act of 1840 abolishing imprisonment for debt, the said Powell be imprisoned until he shall comply with the aforesaid judgment, directing him to file the schedule or statement of his affairs. The other two writs or commitments it is not necessary to notice, as the Judge below did not examine them or give any judgment on them, considering the first commitment or order of arrest sufficient to authorize him to remand the petitioner.
So far as we can ascertain the facts of the case from the record, which is very meagre, and the statements of the counsel in the briefs filed, it seems that Reed, and Turner & Renshaw, had commenced proceedings against the petitioner, under the 5th section of the act of 1840 abolishing imprisonment for debt, (Sess. Acts, p. 132,) to compel him to file a statement of his affairs and a schedule, preparatory to compelling him to make a surrender. A judgment to that effect was rendered, and notified to him. He neglected or refused for more than ten days to comply with the judgment, and has never appealed from it, so far as we are informed. The attention of the court being called to this neglect, or refusal to obey, by the counsel for the creditors, the order to imprison him was made, in conformity to the 6th section of the before mentioned act. This section gives the power in such a case to imprison, and no limitation is prescribed except a compliance with the judgment. Under this last order, or decree, the petitioner is confined. The Judge refused to discharge him, and he has appealed.
*242 The counsel for the appellant has not drawn our attention to any particular informality, or omission in the order of commitment, It mentions the case, the names of the parties at whose instance it was rendered, and states that he must remain in custody until the previous order has been complied with. The chief, in fact the only reliance of the appellant is, that the sum of three dollars and fifty cents per week has not been paid, as it should have been, he being confined on process analogous to the writ of capias ad satisfaciendum ; concluding that the old laws in relation to insolvent debtors in actual custody apply, although the first section of the act of 1S40 declares that that writ is “abolished.” The counsel avers, that the only question is, whether the imprisonment authorized by the 6th section of the act is an imprisonment for debt, or for a contempt of court. In the usual acceptation of those terms, it is neither; but it is a means the law has given to compel a debtor, who is endeavoring to cheat his creditors by concealing his property, to make a statement of his affairs, and deliver up his effects to be administered for their common benefit. The remedy assimilates itself more to a punishment for a contempt, than it does to the process known as a ca. sa. The party has been heard on an allegation that he has property or assets ; it is found to be true, and he is ordered to surrender them ; he refuses to obey the decree, and is imprisoned ; and he then wishes to make his creditors pay his expenses in jail. We think, with the Judge below, that he has no right to require it. He can, at any time, get out of his confinement under this commitment, by complying with the order of the court.

Judgment affirmed.